UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEFF MACY,<br><br>        Plaintiff,<br>  v.<br>SAN BERNARDINO COUNTY,<br><br>        Defendant. | No. 5:25-cv-00243-RGK-BFM<br><br>**ORDER REMANDING CASE TO STATE COURT** |

      The Complaint in this action alleges that Defendant San Bernardino County[1] violated Federal civil rights laws and state laws. (ECF 1-1 at 2.) Plaintiff alleges claims for (1) Intentional Infliction of Emotional Distress, (2) Invasion of Privacy, Municipal and Supervisory Liability under 28 U.S.C. § 1983, (3) Failure to comply with public records requests, (4) Negligence, and (5) Conspiracy. The Complaint was originally filed in the San Bernardino County Superior Court. On January 29, 2025, Defendant removed the matter to this Court. (ECF 1.) This Court *sua sponte* **remands** this action to the San

---

[1] Plaintiff named as Defendant the County of San Bernardino Risk Management. Defense counsel avers that that entity is properly sued as San Bernardino County. (ECF 1 at 1.)

Bernardino County Superior Court for lack of subject matter jurisdiction.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless otherwise expressly provided by Congress. 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). A federal court may raise a lack of federal jurisdiction sua sponte. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

This Complaint is largely duplicative of a complaint previously filed in and dismissed by this Court, *Macy v. Cnty. of San Bernardino Risk Mgmt.*, No. 5:24-cv-1330-RGK-BFM, ECF 1; ECF 6 at 2 (Order Denying Request to Proceed In Forma Pauperis). The claims are rearranged slightly, but there is no claim in this case that was not among the claims dismissed in that earlier case.[2]

That earlier case was dismissed, among other reasons, because the Court saw no basis for federal jurisdiction. *E.g.*, *Macy,* No. 5:24-cv-1330-RGK-BFM, ECF 6 (Order Denying Request to Proceed In Forma Pauperis). More specifically, the Court found the claims alleged in the complaints did not state a federal cause of action, and that jurisdiction did not exist "merely because Plaintiff characterizes his claims as federal civil rights violations." *Id.* at 2.

---

[2] The Court noted that that earlier case was itself duplicative in some respects of other filings. *See Macy*, No. 5:24-cv-1330-RGK-BFM, ECF 6 at 2 (Order Denying Request to Proceed In Forma Pauperis) (pointing to *Macy v. Cnty. of San Bernardino Public Works Waste Mgmt.*, No. 5-24-cv-1333-RGK-BFM, *Macy v. Cnty. of San Bernardino Bd. Of Supervisors*, No. 5:24-cv-1165-RGK-BFM, and *Macy v. Cnty of San Bernardino Bd. of Supervisors*, No. 5:24-cv-1267-RGK-BFM).)

1  These facts are just as true on removal as they were when Plaintiff filed his
2  claims in this Court. Remand to state court is thus appropriate.
3      **IT IS THEREFORE ORDERED** that this matter be, and hereby is,
4  **REMANDED** to the San Bernardino County Superior Court of California, for
5  lack of subject matter jurisdiction.
6      IT IS SO ORDERED.

8  DATED: **2/7/2025** _____

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE